**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

LIMELIGHT TILE & CERAMICS, LLC,

                   Plaintiff,

v.

SHARI LYNN BENNET, individually and d/b/a
SHARI LYNN BENNETT DESIGNS, LLC,

                   Defendant.

Civil Action No.:_____

**JURY TRIAL DEMANDED**

*Electronically filed*

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff Limelight Tile & Ceramics, LLC ("Limelight" or "Plaintiff") by and through its undersigned counsel, hereby files its Complaint against Defendant Shari Lynn Bennett, individually and d/b/a Shari Lynn Bennett Designs, LLC ("Ms. Bennett" or "Defendant"), seeking, pursuant to 28 U.S.C. § 2201 *et seq*, declarations of ownership of copyright and other rights in certain intellectual property recited below ("accused intellectual property"), and non-infringement of the same. In support of its claims, Limelight alleges as follows:

1.      This is a civil action seeking declaratory, injunctive, and other relief, including attorneys' fees, costs, and expenses, against Defendant Shari Lynn Bennett's acts of threatening suit for alleged infringement of intellectual property associated with design work performed as an employee of Limelight, as well rights associated with other intellectual property owned by Limelight.

## THE PARTIES

2.      Plaintiff Limelight is a Pennsylvania limited liability company with its principal place of business at 3101 Smallman Street, Pittsburgh, Pennsylvania, 15201. Limelight is in the business of designing and manufacturing custom ceramic tile, as well as architectural and

decorative elements including sinks, signage, planters and sculpture for interior or exterior installation. An example of the custom ceramic tile produced by Limelight – and one of the designs at issue in this case – is shown in Exhibit 1. *See also* http://www.limelighttile.com/portfolio-item/sting-ray/ (last visited Jan. 28, 2016).

3. Upon information and belief, Defendant Shari Lynn Bennett is an individual residing in Morgantown, West Virginia. At times Ms. Bennett has held herself out as doing business as Shari Lynn Bennett Designs, LLC, located at 844 Ridgeway Avenue, Morgantown, West Virginia, 26505. However, as of January 27, 2016, a review of the online records maintained by the West Virginia and Pennsylvania Secretaries of State returned no record that such an entity exists. *See* Exs. 2 and 3. Under information and belief, the entity "Shari Lynn Bennett Designs, LLC" does not exist.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and Pennsylvania State law.

5. This Court has subject matter jurisdiction over Limelight's claims pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. This Court has personal jurisdiction over Ms. Bennett because a significant portion of the acts giving rise to this Complaint have occurred in this Judicial District, Ms. Bennett has been employed by Limelight in this District, and intentionally caused harm to Limelight in this District, issued her threat of infringement of copyright and other intellectual property rights to Limelight in this District, and, on information and belief, she regularly conducts business in this District.

7.      Venue in this action is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Limelight's claims occurred in this District.

**STATEMENT OF THE FACTS**

8.      On or about late November of 2012, Limelight purchased tile molds, tile designs, dies, and the contents of the office of the former Magnificent Manufacturing, Inc. ("Magnificent") at auction in Allegheny County, Pennsylvania.  Under information and belief, Magnificent was in the business of designing and manufacturing custom tile.

9.      Prior to the November 2012 auction, and under information and belief, Ms. Bennett was an employee of Magnificent, and/or its predecessor, Hunnell Street Tile Works ("Hunnell"). Under information and belief, part of the duties within the normal scope of her employment with Magnificent and/or Hunnell was to create, or aid in the creation of, designs and colors for tiles.

10.     Under information and belief, at various times after the November, 2012 auction, Ms. Bennett has disclaimed authorship of various tile designs purchased by Limelight at the auction of Magnificent.

11.     Prior to the November, 2012 auction of Magnificent, Limelight contacted Ms. Bennett and informed her that it intended to purchase Magnificent's tile designs, molds, and dies. At that time, Ms. Bennett indicated that she would like to be employed by Limelight, and expressed interest in a future profit-sharing arrangement.  At no point during that conversation did she express an ownership interest in Magnificent's tile designs, molds, or dies, or copyrights thereof, or any other of Magnificent's former intellectual property.

12.     Ms. Bennett began employment at Limelight on or about September of 2013.

13.     Ms. Bennett's duties as an employee of Limelight included creating designs – including tile designs – and carving tiles.  Her duties also included answering telephone calls while

she was present at Limelight's Pittsburgh facility.  Her duties as an employee further included going on sales calls, and she attended at least one trade show representing Limelight.

14.     In 2013 Ms. Bennett was compensated in-kind with a computer for some of the design work that she did as part of her employment with Limelight.  However, thereafter, beginning in late 2013 or early 2014, Ms. Bennett was paid hourly for her work, and was provided an additional benefit of about $100.00 per month.  Ms. Bennett was required to submit timesheets with her hours to Limelight.  She was invited, as a matter of course, to attend employee meetings and other employee functions.

15.     During the course of her employment, Ms. Bennett commuted from her home in West Virginia to Limelight's facilities in Pittsburgh several days a week.  At Limelight's facilities she had a fully-equipped office and a dedicated telephone.  In order to perform her design and tile carving duties, Ms. Bennett used tools, equipment, and materials provided by Limelight.

16.     Since September of 2013, Ms. Bennett created the accused intellectual property for Limelight in the normal course of her employment, using Limelight's resources, and on Limelight's time.

17.     Because Ms. Bennett was an employee, Limelight withheld federal, state, and local taxes, including Social Security and Medicare taxes, for Ms. Bennett.  Limelight also contributed to unemployment insurance, and made Medicare and Social Security company contributions for Ms. Bennett.  Ms. Bennett never submitted a 1099 form, W-9 form, or proof of liability insurance to Limelight.

18.     Ms. Bennett is listed on the www.limelighttile.com website as Limelight's "product designer and artist."  *See* http://www.limelighttile.com/about-us/ (last visited January 27, 2016).

As late as January 26, 2016, Ms. Bennett held herself out as an employee of Limelight on her Facebook and LinkedIn pages. *See* Exs. 4 and 5.

19.     Under information and belief, Ms. Bennett became dissatisfied with her employment arrangement with Limelight sometime in May of 2015. However, she continued submitting employee timesheets to Limelight for duties performed in the course of her employment – including designing and carving tiles – as late as November of 2015.

20.     In an effort to resolve the dispute with Ms. Bennett, Limelight made various offers for increased compensation – including profit sharing and a percentage of the value of gross sales. Ms. Bennett rejected Limelight's offers.

21.     At some point, Ms. Bennett learned that the copyright to the designs that she created for Limelight as part of the normal scope of her employment therein belonged to Limelight as works made for hire. She demanded to be changed from an employee to a sub-contractor, but Limelight rejected this demand.

22.     On or about January 22, 2016, Ms. Bennett, through her attorneys, sent a letter to Limelight accusing Limelight of infringing copyrights, and asserting ownership in  the copyrights for the designs made for hire as part of her employment at Limelight and other various intellectual property owned by Limelight (the "Cease and Desist Letter"). *See* Ex. 6.

23.   The Cease and Desist Letter accuses Limelight of "making, using, selling, offering to sell, or other copying or infringement of [Ms. Bennett's alleged] intellectual property."   Ex. 6. This is alleged in the Cease and Desist Letter to include:

> (a) ceramic tile, object and mural designs; (b) graphic, visual and/or sculptural/three dimensional designs and elements; (c) illustrations, sketches and design ideas; (d) photography; (e) typographic treatments and text; (f) selection, arrangement, coordination and know-how of such designs and elements; and (g) other derivative works.

*Id.*

24.   The Cease and Desist Letter goes on to threaten that Limelight's failure to comply with the demands therein "will result in severe consequences."   *Id.*   It further states that Ms. Bennett and her alleged company "hereby reserve all rights and claims belonging to them in connection with your making, use, sale, offering to sell, or other copying or infringement of their intellectual property, including, but not limited to *claims for damages, equitable relief, and reimbursement of legal fees*."   *Id* (emphasis added).

25.   The Cease and Desist Letter demands a response on or before January 29, 2016 – merely one week after the date on which it allegedly was sent.   *Id.*

26.   Limelight has invested a substantial amount of time, money, and effort in the intellectual property that Ms. Bennett is attempting to wrest away from it by means of the Cease and Desist Letter.   To the extent that Ms. Bennett was involved with the creation of any of the accused intellectual property, her involvement was part of the normal course of her employment with Limelight.   Other intellectual property referenced in the cease and desist letter was obtained from a third party at auction.

27.   There presently exists an actual controversy regarding Limelights's ownership and right to use the accused tile designs and other intellectual property free of any allegation by Ms.

Bennett that such conduct constitutes an infringement of any copyright, or other intellectual property right, allegedly owned by Ms. Bennett, under federal and state laws.

## COUNT I

**Declaratory Relief Pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201, *et seq.*) and the Copyright Act (17 U.S.C. § 101, *et seq.*) for Ownership**

28.   Limelight re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.   This is a declaratory judgment action under 17 U.S.C. § 101 *et seq.* (the Copyright Act of 1976) and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).   An actual controversy exists by way of the threat of immediate litigation, and the demand to cease and desist the manufacture, use, sale, offer for sale, copying or other alleged infringement of the accused intellectual property.   *See* Ex. 6.   Accordingly, Limelight seeks relief from this Court.

30.   Ms. Bennett created the accused intellectual property for Limelight in the normal course of her employment, using Limelight's resources, and on Limelight's time.

31.   There is no agreement between the parties that Ms. Bennett would retain any ownership interest in a copyright or copyrights in the accused intellectual property.

32.   Therefore, Limelight is the owner of copyrights, to the extent that they exist, to any and all of the accused intellectual property created by Ms. Bennett during the normal course of her employment.

33.   Under information and belief, to the extent that Ms. Bennett created accused intellectual property for Magnificent or its predecessor, she did so as part of the normal course of her employment there, and thus does not own any interest in any copyrights for the intellectual property created therefore.

34.   Under information and belief there is no agreement between Ms. Bennett or any third party that Ms. Bennett would retain any ownership interest in a copyright or copyrights in the accused intellectual property.

35.   Under information and belief, Limelight purchased all intellectual property associated with the accused intellectual property formerly owned by Magnificent and purchased by Limelight at the auction of November 2012.

36.   Therefore, Limelight seeks a declaratory judgment from this Court that Limelight is the sole owner of all copyright, to the extent that it exists, in the accused intellectual property.

## COUNT II

**Declaratory Relief Pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201, *et seq*.) and the Copyright Act (17 U.S.C. § 101, *et seq*.) for Implied License**

37.   Limelight re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.   This is a declaratory judgment action under 17 U.S.C. § 101 *et seq*. (the Copyright Act of 1976) and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).   An actual controversy exists by way of the threat of immediate litigation, and the demand to cease and desist the manufacture, use, sale, offer for sale, copying or other alleged infringement of the accused intellectual property.  *See* Ex. 6.  Accordingly, Limelight seeks relief from this Court.

39.   The course of conduct between Limelight and Ms. Bennett established an implied license for Limelight to make, use, sell, offer for sale, copy, and display the accused intellectual property for its business.

40.   The purchase of certain items of the accused intellectual property at the auction of Magnificent established an implied license for Limelight to make, use, sell, offer for sale, copy, and display that accused intellectual property for its business.

41.   Limelight is not liable for copyright infringement because Limelight has an implied license to make, use, sell, offer for sale, copy, and display the accused intellectual property for its business.

42.   Therefore, Limelight seeks a declaratory judgment from this Court that Limelight has an implied license for its past and ongoing manufacture, use, sale, offer for sale, copying, and display of the accused intellectual property.

## COUNT III

**Declaratory Relief Pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201, *et seq.*) and the Copyright Act (17 U.S.C. § 101, *et seq.*) for *Laches***

43.   Limelight re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.      This is a declaratory judgment action under 17 U.S.C. § 101 *et seq.* (the Copyright Act of 1976) and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).   An actual controversy exists by way of the threat of immediate litigation, and the demand to cease and desist the manufacture, use, sale, offer for sale, copying or other alleged infringement of the accused intellectual property.  *See* Ex. 6.  Accordingly, Limelight seeks relief from this Court.

45.   Ms. Bennett was and has been aware of Limelight's manufacture, use, sale, offer for sale, and/or copying of the accused intellectual property – in some cases since at least November of 2012.

46.   Limelight is not liable for copyright infringement with respect to the accused intellectual property purchased at the auction of Magnificent, because any claim of infringement concerning that intellectual property is barred both by the doctrine of *laches* and the statutory limitations period of 17 U.S.C. § 507(b).  Specifically, more than three years have passed since Ms. Bennett's purported claim of copyright infringement accrued with respect to the material

previously owned by Magnificent that was purchased at auction in November of 2012, and still no claim for copyright infringement has been filed.

47.   Limelight seeks a declaratory judgment from this Court that any claim for copyright infringement relating to Limelight's past and ongoing manufacture, use, sale, offer for sale, and/or copying of the accused intellectual property purchased by Limelight at the Magnificent auction is time-barred and not actionable pursuant to the doctrine of *laches* and the provisions of 17 U.S.C. § 507(b).

## COUNT IV

**Declaratory Relief Pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201, *et seq.*) and the Copyright Act (17 U.S.C. § 101, *et seq.*) for Equitable Estoppel**

48.   Limelight re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.   This is a declaratory judgment action under 17 U.S.C. § 101 *et seq*. (the Copyright Act of 1976) and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).   An actual controversy exists by way of the threat of immediate litigation, and the demand to cease and desist the maufacture, use, sale, offer for sale, copying or other alleged infringement of the accused intellectual property.   *See* Ex. 6.   Accordingly, Limelight seeks relief from this Court.

50.   Ms. Bennett was and has been aware of Limelight's continued manufacture, use, sale, offer for sale, and/or copying of the accused intellectual property – in some cases since at least November of 2012.

51.   Limelight relied on the actions and inactions of Ms. Bennett, and the course of conduct between the parties, in making, using, selling, offering for sale, and/or copying the accused intellectual property in connection with Limelight's business.   Limelight has invested a significant

amount of resources in its business based on Ms. Bennett's actions and inactions – including the employment of Ms. Bennett herself.

52.   Ms. Bennett benefitted from her employment with Limelight, and was paid for her work related to the accused intellectual property that she created for Limelight, which was done within the scope of her employment and with Limelight's resources.

53.   Limelight seeks a declaratory judgment from this Court that any claim for copyright infringement relating to Limelight's past and ongoing manufacture, use, sale, offer for sale, and/or copying of the accused intellectual property is barred by the doctrine of equitable estoppel.

## COUNT V

**Declaratory Relief Pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201, *et seq.*) and the Copyright Act (17 U.S.C. § 101, *et seq.*) for No Statutory Damages, Willful Infringement, Recovery, and Attorneys' Fees**

54.   Limelight re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55.   This is a declaratory judgment action under 17 U.S.C. § 101 *et seq*. (the Copyright Act of 1976) and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  An actual controversy exists by way of the threat of immediate litigation, and the demand to cease and desist the manufacture, use, sale, offer for sale, copying or other alleged infringement of the accused intellectual property.  *See* Ex. 6.  Accordingly, Limelight seeks relief from this Court.

56.   Limelight is not liable for statutory damages, willful infringement, or attorneys' fees under 17 U.S.C. §§ 504 and 505.  Specifically, on information and belief, Ms. Bennett did not timely register any of the accused intellectual property with the U.S. Copyright Office and is therefore barred from seeking statutory damages and attorneys' fees under the provisions of 17 U.S.C. § 412.

57.   Limelight is not liable for copyright infringement because, on information and belief, Ms. Bennett does not have any copyright registrations in the accused intellectual property.

58.   Limelight seeks a declaratory judgment from this Court that Ms. Bennett is barred from seeking statutory damages, willful infringement, recovery of damages of any sort without copyright registrations, or attorneys' fees pursuant to 17 U.S.C. §§ 504 and 505 against Limelight for any claim for copyright infringement relating to Limelight's past and ongoing manufacture, use, sale, offer for sale, and/or copying of the accused intellectual property.

## COUNT VI

**Declaratory Relief Pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201, *et seq*.), and Pennsylvania Law for Ownership.**

59.   Limelight re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60.   This is a declaratory judgment action under Pennsylvania state law and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  An actual controversy exists by way of the threat of immediate litigation, and the demand to cease and desist the manufacture, use, sale, offer for sale, copying or other alleged infringement of the accused intellectual property.  *See* Ex. 6. Accordingly, Limelight seeks relief from this Court.

61.   Limelight hired and employed Ms. Bennett specifically to create the accused intellectual property, among other tasks.

62.   Ms. Bennett benefitted from her employment with Limelight, and was paid for her work related to her part in creating the accused intellectual property for Limelight, which was done within the normal scope of her employment, with Limelight's resources, and on Limelight's time.

63.     As a result, under Pennsylvania law, any invention or other intellectual property resulting from Ms. Bennett's employment is the property of her employer, Limelight, because she was hired to create it.

64.     Further, under information and belief, Magnificent and/or its predecessor hired and employed Ms. Bennett specifically to create or help create the accused intellectual property, among other tasks.

65.     Under information and belief, Ms. Bennett benefitted from her employment with Magnificent and/or its predecessor, and was paid for her work related to the accused intellectual property that she created for them, which was done within the normal scope of her employment, with her employer's resources, and on her employer's time.

66.     As a result, under Pennsylvania law, any invention or other intellectual property resulting from Ms. Bennett's employment is the property of her employer because she was hired to create it.

67.     Under information and belief, Limelight purchased all intellectual property rights associated with the accused intellectual property formerly owned by Magnificent.

68.     Therefore, Limelight seeks a declaratory judgment from this Court that Limelight is the sole owner of all of the accused intellectual property under Pennsylvania law.

## <u>COUNT VII</u>

**Declaratory Relief Pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201, *et seq.*) and Pennsylvania Law of Shop Right.**

69.     Limelight re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70.     This is a declaratory judgment action under Pennsylvania state law and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  An actual controversy exists by way of the threat

of immediate litigation, and the demand to cease and desist the manufacture, use, sale, offer for sale, copying or other alleged infringement of the accused intellectual property.  *See* Ex. 6. Accordingly, Limelight seeks relief from this Court.

71.   Limelight hired and employed Ms. Bennett specifically to create the accused intellectual property, among other tasks.

72.   Ms. Bennett benefitted from her employment with Limelight, and was paid for her work related to her part in creating the accused intellectual property for Limelight, which was done within the normal scope of her employment, with Limelight's resources, and on Limelight's time.

73.   Under Pennsylvania state law, an employer is entitled to a shop right for inventions created by an employee using an employer's resources.

74.   Therefore, Limelight seeks a declaratory judgment from this Court that Limelight possesses a shop right under Pennsylvania law in all of accused intellectual property created by Ms. Bennett while employed by Limelight, and therefore does not infringe any rights associated with that accused intellectual property.

## COUNT VIII

### Injunctive Relief.

75.   Limelight re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76.   Under information and belief, Ms. Bennett has attempted or intends to sell and/or license the accused intellectual property to third parties, including competitors of Limelight.

77.   Limelight is the sole owner of the accused intellectual property.  Ms. Bennett has no ownership interest in the accused intellectual property, and no right to manufacture, use, sell, offer for sale, copy, or license the accused intellectual property.

- 14 -

78. Limelight has invested significant time, effort, and resources into the accused intellectual property, and the goodwill of Limelight's business is tied therein.

79. Limelight would suffer immediate and irreparable harm if Ms. Bennett were to manufacture, use, sell, offer for sale, copy, or license the accused intellectual property to any third party.

80. Therefore, Limelight seeks an injunction against Ms. Bennett manufacturing, using, selling, offering for sale, copying, or licensing the accused intellectual property.

## PRAYER FOR RELIEF

WHEREFORE, Limelight prays for judgment against Ms. Bennett as follows:

1. For a declaration that Limelight owns the accused intellectual property under Federal and/or State law;

2. For a declaration that Limelight has an implied license to make, use, sell, offer for sale, and/or copy the accused intellectual property;

3. For a declaration that any claim against Limelight of copyright infringement relating to the accused intellectual property is barred by the doctrine of *laches* and the limitations period of 17 U.S.C. § 507;

4. For a declaration that any claim against Limelight of copyright infringement relating to the accused intellectual property is barred by the doctrine of equitable estoppel;

5. For a declaration that any claim against Limelight for statutory damages, willful infringement, recovery, and attorney's fees relating to the accused intellectual property is barred by 17 U.S.C. § 412;

6. For a declaration that Limelight possesses a shop right in the accused intellectual property;

7.   For an injunction prohibiting Ms. Bennett from using, selling, offering for sale, copying, or licensing the accused intellectual property.

8.   An award of costs and reasonable attorneys' fees associated with bringing this action for declaratory judgment; and

9.   Any additional relief this Court deems just and proper.

## **<u>JURY DEMAND</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Limelight hereby demands a trial by jury of any and all issues triable thereby.

Respectfully submitted,

Dated: January 29, 2016

By: /s/ *John W. McIlvaine*
John W. McIlvaine
PA I.D. No.: 56773
jmcilvaine@webblaw.com
James G. Porcelli
PA I.D. No.: 49721
jporcelli@webblaw.com
David A. DuMont
PA I.D. No.: 205858
ddumont@webblaw.com

The Webb Law Firm
One Gateway Center
420 Fort Duquesne Blvd., Suite1200
Pittsburgh, PA 15222
Telephone: (412) 471-8815
Facsimile: (412) 471-4094

COUNSEL FOR PLAINTIFF
Limelight Tile & Ceramics, LLC